ALEXANDER OAKS REYES, demandante y recurrido, *v.* SAMANTHA ORTIZ APONTE, demandada y peticionaria.

*Número:* CE-94-72          *Resuelto:* 11 de mayo de 1994

*Velma Quintana Rodríguez*, de *Servicios Legales de Puerto Rico*, abogada de la peticionaria; *Raúl Colón Bermúdez*, abogado del recurrido.

## SENTENCIA

Conforme las escuetas alegaciones de la demanda que, sobre "impugnación de paternidad", radicara el recurrido Alexander Oaks Reyes ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, éste voluntariamente reconoció una hija que tuviera la demandada recurrida Samantha Ortiz Aponte, siendo dicha niñita inscrita como hija del recurrido Oaks Reyes en el Registro Demográfico.

La referida demanda de impugnación de paternidad fue radicada *dentro* del término de noventa (90) días. En la misma se alegó, *como único fundamento para la impugnación*, que el demandante recurrido tenía "*dudas* si dicha hija corresponde a éste ...". (Énfasis suplido.) *Exhibit* II.

Contestada la demanda, el demandante recurrido solicitó del tribunal de instancia una orden para que "las partes" se sometieran a "los exámenes que corresponden en los casos de impugnación de paternidad a la mayor brevedad posible". *Exhibit* V. La parte demandada se opuso. Argumentó que antes de que ello se ordenara, el foro de instancia debía de celebrar una vista para recibir prueba respecto al "vicio", *si alguno*, en el consentimiento o reconocimiento voluntario realizado por el demandante recurrido. Ello no obstante, el referido foro judicial ordenó dichos exámenes.

Inconforme, la demandada Ortiz Aponte acudió ante este Tribunal, vía *certiorari*, en revisión de la mencionada orden imputándole al foro de instancia haber errado "al ordenar a las partes a someterse a pruebas de sangre en una impugnación de reconocimiento voluntario antes de señalar una vista donde se dilucidara el vicio en el consentimiento prestado". Petición de *certiorari*, pág. 2. Mediante Resolución, de fecha 4 de febrero de 1994, le concedimos término a la parte demandante recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y dictar Sentencia revocatoria de la orden recurrida.

Dicha parte recurrida compareció en autos mediante escrito de fecha 3 de marzo de 1994. En el mismo su representación legal expuso que necesitaba una prórroga para contestar la referida orden de mostrar causa en vista del hecho de que el demandante Oaks Reyes le había informado, por la vía telefónica, que estaba considerando la posibilidad de desistir de su demanda. Dicha prórroga fue concedida por este Tribunal; el 14 de marzo de 1994 le concedimos un término de quince (15) días. No ha comparecido. *Resolvemos*.

Procede revocar; ello por dos (2) razones. En primer término, le asiste la razón a la parte peticionaria en su señalamiento de que el verdadero propósito de la demanda radicada es impugnar la validez del acto de reconocimiento realizado por el demandante recurrido. Le corresponde demostrar al demandante que dicho reconocimiento está viciado por razón de la existencia de violencia, intimidación o error. *Almodóvar v. Méndez Román*, 125 D.P.R. 218 (1990). En consecuencia, debe posponerse cualquier otra acción hasta tanto el demandante haga una demostración al respecto. No resulta suficiente el meramente alegar que tiene "dudas" sobre si la niña es su hija.

En segundo lugar, *el caso adolece del defecto de parte indispensable*. Regla 16.1 de Procedimiento Civil de 1979

(32 L.P.R.A. Ap. III). No se incluyó, como parte demandada, a la menor que fue reconocida por el demandante recurrido a pesar de que la única posible "perjudicada" por la acción instada lo es, *precisamente*, dicha menor. Ello es un asunto que puede "suscitarse por este Tribunal *sua sponte*". *Hernández Agosto v. López Nieves*, 114 D.P.R. 601, 603 (1983). Respecto a este punto, al recibo del mandato, el tribunal de instancia deberá actuar conforme la norma establecida por nuestra jurisprudencia. *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 816 (1983).

Así lo pronunció, manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón emitió una opinión concurrente. El Juez Asociado Señor Alonso Alonso no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión concurrente emitida por la Juez Asociada Señora Naveira de Rodón.

La acción de impugnación de reconocimiento procede cuando hay prueba de que el reconocimiento realizado fue nulo porque adolecía de uno de los vicios del consentimiento siguientes: error, violencia o intimidación.

En el caso de autos, el demandante alegó, como único fundamento para la impugnación, que tenía *dudas* de que la niña fuera de él. Este no es uno de los fundamentos para impugnar. Además, el demandante ha tenido amplia oportunidad de presentar las supuestas pruebas para demostrar que la impugnación procedía porque el reconocimiento estuvo viciado.

En *Almodóvar v. Méndez Román*, 125 D.P.R. 218 (1990), señalamos que en esta acción no tiene importancia si el

reconocido es hijo biológico del que lo reconoció. Lo importante es probar si hubo uno de los vicios del consentimiento. Cuando no hay vicios en el reconocimiento de un hijo tenido fuera de matrimonio, ese reconocimiento es irrevocable, porque sería contrario a la política pública arrepentirse.

Por lo tanto, bajo las circunstancias específicas de este caso, la demanda presentada no aducía causa de acción, razón por la cual debió desestimarse.

Por las razones antes expuestas, concurrimos con la sentencia que hoy emite la mayoría.