RAMÓN SANTIAGO OJEDA, demandante y recurrente, *v.* ÁNGELES CRUZ MALDONADO, ETC., demandada y recurrida.

*Número:* O-79-316     *Resuelto:* 17 de octubre de 1979

*Guillermo Toledo*, abogado del recurrente; *Clara E. Diez*, abogada de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Deborah nació en Río Piedras el 17 agosto, 1974 y fue inscrita en el Registro Demográfico el día 20 siguiente por su señora madre Ángeles Cruz como procreada en su matrimonio con Ramón Santiago. El 16 septiembre, 1974 Ángeles juró denuncia contra su esposo Ramón por abandono de menores (Art. 263 del Código Penal) ante el Tribunal de Distrito, Sala de San Juan, imputándole descuido de su hija Deborah. El acusado negó la paternidad por lo que el tribunal antes de proceder a juicio requirió de las partes que se sometieran a examen hematológico[1] sobre factores de paternidad en el Centro Médico. Se llevó a efecto la prueba y el 19 diciembre, 1974 el Dr. Antonio Barquet, Jefe del Departamento de Hematología y Banco de Sangre de dicho Centro certificó que el resultado científico excluye la paternidad. Tres meses después, el 18 marzo, 1975, la fiscal a cargo del caso en el Tribunal de Distrito radicó moción de desistimiento del Pueblo de Puerto Rico, obviando la evidencia técnica excluyente de paternidad ya en poder del tribunal y dando como fundamento[2] la radicación por la madre querellante de una

---

[1]La orden dice:

"El Tribunal resuelve que las partes en este caso concurran al Centro Médico de Puerto Rico, el día 5 de diciembre de 1974, a las 8:00 A.M., para someterse a Examen Hematológico que determine si hay o no *EXCLUSION* de paternidad en el mismo, y si no lo hubiere que determine la *FRECUENCIA* en el mismo.

"Los resultados deberán enviarse directamente a este Tribunal a la mayor brevedad posible.

"Dada en San Juan, Puerto Rico, a 22 de octubre de 1974.

"Regístrese y Notifíquese.

[Firmada] MARIA ISABEL G. DE MALDONADO

Juez de Distrito."

[2]Aun cuando el abogado del Pueblo de Puerto Rico ha de procesar al acusado con determinación y vigor, "debe una lealtad primaria al interés superante de su cliente en que se haga justicia. El fiscal es el servidor de la ley cuyo objetivo dual es que el culpable no escape ni el inocente sufra." *United States* v. *Agurs*, 427 U.S. 97 (1976).

demanda de divorcio en que se solicitaban alimentos para el hijo [*sic*] menor de edad. Se archivó el caso criminal.

Pendiente el proceso penal ante el Tribunal de Distrito, el 12 octubre, 1974 la recurrida Ángeles Cruz presentó ante la Sala del Tribunal Superior de San Juan, demanda de divorcio fundada en trato cruel en la que afirma la existencia en el matrimonio de una hija llamada Deborah. El 25 agosto, 1975 el tribunal dictó sentencia en rebeldía decretando el divorcio y fijando en $20.00 semanales la pensión alimenticia de Deborah. Por razones ahora irrelevantes, entre ellas la creencia de que el Tribunal Superior no haría pronunciamiento de paternidad en vista de la evidencia científica sometida a la Juez de Distrito, el demandado no contestó la demanda de divorcio. Llegó hasta este Tribunal en *certiorari* para anular la sentencia en lo referente a paternidad de la menor y denegamos el auto pero al resolver su moción de reconsideración (O-76-429), Resolución 18 noviembre, 1976, lo hicimos "sin perjuicio de que pueda litigarse en acción separada y en un juicio plenario la filiación de la niña ...." En diciembre de 1976 promovió el demandante la acción civil de impugnación de legitimidad que fue desestimada en instancia por razón de caducidad ordenada en el Art. 117 del Código Civil, aduciéndose que había transcurrido en exceso el término allí fijado para ejercicio de la acción. Por resolución de 16 mayo, 1979 el Tribunal Superior denegó remedio bajo la Regla 49.2 y al regresar el pleito en petición de *certiorari*, el 26 julio, 1979 expedimos orden para mostrar causa(3) por la

---

(3)Nuestra resolución tiene el texto siguiente:

"Considerando que la niña Deborah Santiago Cruz nació el 17 agosto, 1974 y fue inscrita en el Registro Demográfico el siguiente día 20; que el recurrente Santiago Ojeda negó la paternidad en caso criminal por abandono de menores lo que motivó orden del Tribunal de Distrito de 22 octubre de 1974 para que las partes se sometieran a examen hematológico que resultó en dictamen excluyente de paternidad expedido el 19 diciembre, 1974.

"Considerando la común naturaleza de la acción civil filiatoria y la acción penal por abandono de menores y la inseparable interacción entre ambos procedimientos cuando su objetivo es la determinación del hecho indivisible de la paternidad, (*Pol*

que no debamos revocar y remitir el caso a juicio en sus méritos.

■ El Art. 117 del Código Civil, 31 L.P.R.A. sec. 465, ordena:

"La acción para impugnar la legitimidad del hijo deberá ejercitarse dentro de los tres meses siguientes a la inscripción del nacimiento en el registro si el marido se hallare en Puerto Rico, y de los seis meses si estuviere fuera de Puerto Rico, a contar desde que tuvo conocimiento del nacimiento."

El plazo no es de prescripción, sino de caducidad apreciable de oficio.(4)

■ La caducidad se evita por el ejercicio de la acción que en este caso es una de contestación de estado, denominada de impugnación. En *Pol Sella* v. *Lugo Christian*, 107 D.P.R. 540 (1978), destacamos la transformación del Art. 263 del Código Penal por Ley Núm. 10 de 16 mayo, 1966, 33 L.P.R.A. sec. 991, en acción de carácter mixto penal y civil y que desde entonces la determinación de paternidad a tenor de dicho artículo tiene el valor y la autoridad de la filiación ganada en la acción civil clásica ante el Tribunal Superior. Asimismo hemos sostenido la norma de integración de procesos que tienen un común objeto y causa de acción dirigida a evitar la relitigación de hechos ya adjudicados; y en casos de filiación especialmente, abolir la anomalía de fallos contradictorios. *Toro Lugo* v. *Ortiz Martínez*, 105 D.P.R. 229 (1976); *Pueblo* v.

---

*Sella* v. *Lugo Christian*, CA-1978-60) conducente a la conclusión bien fundada de que el recurrente satisfizo el requisito de impugnación de legitimidad dentro del término de caducidad de 'tres meses siguientes a la inscripción del nacimiento' establecido por el Art. 117 del Código Civil, 31 L.P.R.A. sec. 465.

"La parte recurrida tendrá un término hasta el 24 de agosto de 1979 para comparecer a mostrar causa por la que no deba anularse la resolución dictada el 16 mayo, 1979 y demás actuaciones del Tribunal Superior, Sala de San Juan, desestimando por caducidad la acción civil del recurrente sobre impugnación de legitimidad, separada de nuestra resolución de 18 noviembre, 1976 denegando *certiorari* en la acción de divorcio (O-76-429); y devolver a instancia para continuación de procedimientos compatibles."

(4)Sentencia de 5 de marzo de 1963 (España); Puig Brutau, *Fundamentos de Derecho Civil*, T. 4, Vol. 2, pág. 41, ed. 1970.

*Ortiz Marrero*, 106 D.P.R. 140 (1977); *Carlo* v. *Srio. de Justicia*, 107 D.P.R. 356 (1978); *Diez Rodríguez* v. *Guzmán Ruiz*, 108 D.P.R. 371 (1979). Nuestro enjuiciamiento provee dos foros para investigar y adjudicar la paternidad, dualidad propiciada por el inciso (h) del Art. 158 del vigente Código Penal, 33 L.P.R.A. sec. 4241, que habiendo incorporado el mismo texto del anterior Art. 263, dispone: "A los efectos de determinar la paternidad, el Tribunal de Distrito tiene jurisdicción concurrente con el Tribunal Superior de Puerto Rico." Es dentro de esta identidad del campo procesal compartido en jurisdicción común por ambos foros en materia filiatoria que se produce la repudiación por el recurrente Santiago Ojeda de una hija favorecida por la presunción de legitimidad declarada en el Art. 113 del Código Civil, 31 L.P.R.A. sec. 461.[5]

El nacimiento de Deborah fue inscrito en el registro el 20 agosto, 1974, y la negación de paternidad por el acusado en el proceso criminal por abandono de menores provocó la orden de 22 octubre, 1974 del Tribunal de Distrito para la prueba hematológica, por lo que dicha alegación en sala de justicia y dentro del procedimiento establecido por el Art. 263 del Código Penal, tiene toda la dignidad y fuerza de una contestación de estado y de impugnación de la paternidad que la denuncia le atribuía, hecha dentro de los tres meses siguientes a la inscripción del nacimiento. La alegación así formulada en el Tribunal de Distrito tiene el mismo efecto interruptor de la incoación de demanda de impugnación ante el Superior pues ambos remedios tienen igual propósito y las mismas consecuencias. Hubo, dentro del plazo señalado, un claro ejercicio en el unitario foro judicial del derecho a

---

[5]Art. 113—"Son hijos legítimos los nacidos después de los ciento ochenta días siguientes al de la celebración del matrimonio y antes de los trescientos días siguientes a su disolución.

"Contra esta legitimidad no se admitirá otra prueba que la imposibilidad física del marido para tener acceso con su mujer en los primeros ciento veinte días de los trescientos que hubiesen precedido al nacimiento del hijo."

impugnar la legitimidad del hijo, reservado al marido por el Art. 117 del Código Civil. Se puso en contienda a tiempo la paternidad imputada.

La preocupación de la recurrida por su indefensión frente al dictamen hematológico no se justifica. No estamos pasando juicio sobre su corrección o admisibilidad toda vez que nunca ha sido admitido como prueba en este procedimiento. Al devolver el caso de impugnación a instancia para vista en sus méritos, el demandante viene obligado a probar su caso y la demandada recurrida tendrá plena oportunidad de confrontación con la prueba que él presente.

*Toda vez que no ha caducado la acción de contestación de paternidad, se expedirá el certiorari y la resolución desestimatoria de la demanda será, anulada.*

Los Jueces Asociados Señores Torres Rigual y Negrón García no intervinieron.