SENTENCIA
La controversia ante nuestra consideración en el caso de epígrafe versa sobre el efecto que tuvo la Ley Núm. 215 de 29 de diciembre de 2009 (Ley Núm. 215) —que extendió los términos para la acción de impugnación de filiación y la manera como computarlo— sobre los casos pendientes ante los tribunales a la fecha de su aprobación. En este caso, el Tribunal de Primera Instancia desestimó la demanda ins-tada originalmente por haberse presentado fuera del tér-mino de caducidad de tres meses dispuesto para tal acción en el Art. 117 del Código Civil, 31 L.P.R.A. see. 465. El foro apelativo intermedio confirmó esta determinación.
Pendiente de atender el recurso de certiorari presentado por el peticionario ante nuestra consideración, se aprobó la *549 Ley Núm. 215. Ante el nuevo término dispuesto en esta ley, el 12 de febrero de 2012 emitimos una orden de mostrar causa dirigida a la recurrida en la cual la conminamos a que se expresara sobre este asunto y del porqué no debía-mos expedir el auto solicitado y revocar a los foros inferiores. Esta no compareció, por lo que pasamos a resolver.
Estudiadas las disposiciones de la Ley Núm. 215, así como su historial legislativo, resolvemos que, conforme cla-ramente se dispone en el Art. 6 de la Ley Núm. 215, la intención de la Asamblea Legislativa fue que las disposicio-nes de esta ley aplicasen a los casos que estuviesen pendien-tes ante los tribunales del Estado Libre Asociado de Puerto Rico —como el de autos— a la fecha de su aprobación. Por lo tanto, procede revocar el dictamen del foro de instancia, confirmado por el tribunal apelativo, que desestimó la de-manda que se había presentado y reinstalarla. Se devuelve el caso de epígrafe al foro primario para que allí continúen los procedimientos acorde con lo aquí dispuesto.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo. La Juez Asociada Señora Ro-dríguez Rodríguez emitió una opinión de conformidad, a la que se unieron el Juez Presidente Señor Hernández Den-ton y la Jueza Asociada Señora Fiol Matta.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Opinión de conformidad emitida por la Juez Asociada Se-ñora Rodríguez Rodríguez, a la que se une el Juez Pre-sidente Señor Hernández Denton y la Jueza Asociada Señora Fiol Matta.
Tenemos ante nuestra consideración una controversia que requiere nos expresemos sobre el efecto que tuvo la *550 Ley Núm. 215 de 29 de diciembre de 2009 (Ley Núm. 215), que extendió el término para la acción de impugnación de filiación dispuesto en el Código Civil, sobre aquellos casos pendientes ante los tribunales a la fecha de su aprobación.
I
El 19 de enero de 1995, las partes en este caso, el señor Medardo Negrón Ramos y la señora Xiomara Alvarado Cruz, contrajeron matrimonio. Durante la vigencia del ma-trimonio nacieron tres hijos varones, E.A.N., nacido el 27 de abril de 1997, A.D.N.A., nacido el 10 de marzo de 2001, y J.Y.N.A., nacido el 15 de diciembre de 2006. Todos se inscribieron en el Registro Demográfico como hijos de la pareja conyugal.
El 12 de agosto de 2008, el peticionario presentó una demanda de divorcio invocando la causal de adulterio y de trato cruel. En la demanda adujo que, casado con la señora Alvarado Cruz, escuchó comentarios que ponían en duda su paternidad respecto a sus hijos, por lo que realizó prue-bas de ADN para corroborarla. El 14 de julio de 2008 se produjeron los resultados de estas pruebas y éstos indica-ban que dos de sus hijos, A.D.N.A. y J.Y.N.A. no eran sus hijos biológicos. El señor Negrón Ramos incluyó los resul-tados de estas pruebas en su demanda como evidencia de lo alegado e impugnó la paternidad de los menores. Solicitó también la custodia del único de los tres menores que, se-gún las pruebas, era su hijo biológico.
La señora Alvarado Cruz contestó la demanda, recon-vino por la causal de trato cruel y solicitó la desestimación de la acción de impugnación por entender que ya había transcurrido el término de caducidad de tres meses dis-puesto en el Código Civil para impugnar la presunción de paternidad. Presentó, además, una solicitud urgente para que se fijaran las relaciones paterno-filiales y una pensión alimentaria pendente lite.
*551 El 5 de diciembre de 2008, el Tribunal de Primera Ins-tancia dictó sentencia de divorcio y concedió la custodia y patria potestad de E.A.N. al peticionario, y la de los otros dos menores a la señora Alvarado Cruz, fijó una pensión alimentaria y estableció las relaciones materno-filiales con E.A.N.
El 17 de marzo de 2009, el peticionario presentó un es-crito ante el foro primario que tituló Solicitud de En-mienda de Demanda. En éste solicitó enmendar la de-manda de divorcio para incluir como codemandados a los Sres. Jesús A. Nieves y Juan Figueroa, presuntos padres de J.Y.N.A., y al Sr. Rolando Díaz Marrero, presunto padre de A.D.N.A. El peticionario solicitó que “se incluy[era] a los anteriores como demandados al efecto de que se les filie con los anteriores niños y respondan por ellos a todos los fines legales”. Apéndice de la Petición de certiorari, pág. 45.
El 31 de marzo de 2009, el Tribunal de Primera Instan-cia emitió una Resolución en el caso de divorcio en la que indicó que “el asunto de la impugnación de paternidad” había quedado “sometido” a su consideración luego de cele-brada la vista en la cual se había declarado “con lugar” la demanda de divorcio. Apéndice de la Petición de certiorari, pág. 47. El tribunal desestimó la impugnación de paterni-dad por haber caducado el término para instarla según lo establecido en el Art. 117 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 465.
Inconforme, el señor Negrón Ramos acudió ante Tribunal de Apelaciones. Señaló que tanto la Resolución recu-rrida como el Art. 117 del Código Civil eran inconstitucio-nales por violar la igual protección de las leyes. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. El Tribunal de Apelacio-nes confirmó el dictamen de instancia mediante sentencia notificada el 6 de julio de 2009. De esta determinación, el señor Negrón Ramos compareció ante nosotros. Pendiente de consideración el recurso, la Asamblea Legislativa *552 aprobó la Ley Núm. 215 de 29 de diciembre de 2009 para enmendar el Art. 117 del Código Civil y modificar el tér-mino para impugnar la presunción de paternidad, así como la forma en que se computa este término.
Así las cosas, el 12 de febrero de 2010 emitimos una or-den de mostrar causa dirigida a la recurrida en la que le solicitamos que se expresara sobre por qué no debíamos ex-pedir el recurso instado y revocar la sentencia recurrida, según las disposiciones de la Ley Núm. 215. La parte recu-rrida no compareció ni solicitó un término para comparecer.
II
La Ley Núm. 215 de 29 de diciembre de 2009 enmendó el Art. 117 del Código Civil para modificar el término de caducidad para ejercitar la acción de impugnación de pre-sunción de paternidad de los hijos, así como la manera en que se computa este término. Previo a la enmienda, el Art. 117 disponía lo siguiente:
La acción para impugnar la legitimidad del hijo deberá ejer-citarse dentro de los tres (3) meses siguientes a la inscripción del nacimiento en el registro si el marido se hallare en Puerto Rico, y de los seis (6) meses si estuviere fuera de Puerto Rico, a contar desde que tuvo conocimiento del nacimiento. (Énfasis nuestro.) 31 L.P.R.A. see. 465.
Del texto transcrito se desprende que en aquellas situa-ciones en que el marido "se hall[a] en Puerto Rico”, como ocurre en el de autos, su término para impugnar la pater-nidad de su presunto hijo es de tres meses. Este término es de caducidad apreciable de oficio, según hemos dispuesto reiteradamente. González Rosado v. Echevarría Muñiz, 169 D.P.R. 554, 561 (2006); Santiago Ojeda v. Cruz Maldonado, 109 D.P.R. 143, 146 (1979).
Por otro lado, la Ley Núm. 215 modificó sustancial-mente el contenido del Art. 117 del Código Civil. Éste ahora dispone de la siguiente manera:
*553 La acción para impugnar la presunción de paternidad o de maternidad, por parte del padre legal deberá ejercitarse dentro del plazo de caducidad de seis meses, contados a partir de la fecha de [sic] que advenga en conocimiento de la inexactitud de la filiación o a partir de la aprobación de esta Ley, lo que sea mayor. (Énfasis nuestro.) 31 L.P.R.A. see. 465 (Supl. 2010).
Como se advierte, cambian dos cosas. Por un lado, el término de tres meses se aumentó a seis, pero más impor-tante, se modificó la forma como se computa este término. Así, para marcar el comienzo del cómputo del término ya no se partirá de la inscripción del menor en el Registro Demográfico cuando el padre se encontrara en Puerto Rico, o desde que éste se enterara del nacimiento si se encon-trara fuera; ahora, su decurso se da “a partir de la fecha de [sic] que se advenga en conocimiento de la inexactitud de la filiación o a partir de la aprobación de esta Ley, lo que sea mayor”. Con esta determinación, la Asamblea Legisla-tiva quiso cerciorarse de que “la realidad jurídica [fuese igual a] la biológica”, y expresó su deseo de “armoniza [r] nuestro ordenamiento jurídico con los avances científicos y codificar normas dictadas por vía de jurisprudencia”. P. del S. 1195, Exposición de Motivos de la Ley Núm. 215 de 29 de diciembre de 2009.
La Asamblea Legislativa quiso, además, extender la norma establecida “a todos [los] casos que estén presenta-dos ante nuestros tribunales, impugnaciones de paterni-dad o de maternidad, a la fecha de entrada en vigencia de esta Ley”. Exposición de Motivos de la Ley Núm. 215. Ello, “[c]omo medida de derecho transitorio ...”. Informe de la Cámara de Representantes, Comisión de lo Jurídico, pág. 3. En lo pertinente, la primera oración del Art. 6 de la Ley Núm. 215 dispone lo siguiente: “Toda acción de impugna-ción de filiación pendiente ante los tribunales se le aplicará lo dispuesto en esta Ley.” Esta disposición del Art. 6 no deja duda de que la intención del legislador fue que el nuevo plazo para impugnar la paternidad y la nueva forma de computarlo aplicasen a aquellos casos que se encontra- *554 ran ante la consideración de los tribunales del país al mo-mento de aprobarse y entrar en vigor la Ley Núm. 215.
Delimitado el marco jurídico que debemos aplicar en este caso, sólo nos resta repasar los hechos ante nuestra consideración para resolver esta controversia.
III
Iniciamos señalando que conforme el estado de derecho vigente al momento de instarse la demanda de autos, no hay duda de que el término con que contaba el peticionario para impugnar la paternidad de dos de sus presuntos hijos había caducado, por lo que la determinación de los foros inferiores fue la correcta. Ahora bien, en el transcurso del litigio el derecho aplicable cambió. Veamos.
Como se señaló inicialmente, estando el caso de autos pendiente de atender por este Tribunal, la Asamblea Legis-lativa aprobó la Ley Núm. 215. La nueva ley modificó el término para impugnar la paternidad y cómo éste se com-puta; además, proveyó que lo allí dispuesto fuese aplicable a todos los casos que se estuviesen litigando ante los tribunales. Con lo cual, no cabe otra conclusión que el caso de autos debe evaluarse conforme lo dispuesto en la Ley Núm. 215.
Habida cuenta que el Tribunal de Primera Instancia desestimó la reclamación de impugnación de paternidad por haber caducado el término para instarla conforme el estado de derecho vigente en ese momento, y ante lo dis-puesto en la Ley Núm. 215, que aplica a casos como los de autos, procede revocar al foro de instancia y devolver el caso a ese foro para que se reinicien los procedimientos desestimados. Reiniciado el proceso, todas las partes con-cernidas tendrán la oportunidad de hacer los planteamien-tos que estimen procedentes y el foro primario los habrá de ponderar y resolver conforme estime correcto.